U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 2 0 2016

TONY R. MOORE  CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| STEPHEN D. WEEKS, ET AL., Plaintiffs | CIVIL ACTION NO. 15-CV-02297 |
| VERSUS | CHIEF JUDGE DRELL |
| FREDS STORES OF TENNESSEE INC., ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the Court is a Motion to Dismiss (Doc. 5) filed by Defendants Fred's Stores of Tennessee and Butch Willis (collectively, "Defendants"). Defendants move for dismissal of the claim against Defendant Butch Willis ("Willis") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Additionally, Defendants assert that Plaintiff should not be granted leave to amend their petition as to Willis and that claims against him should be dismissed with prejudice.

#### Background

Plaintiffs Stephen and Johnnie Weeks (collectively, "Plaintiffs") commenced the present action in the Seventh Judicial District Court for the Parish of Concordia. The suit names Fred's Stores of Tennessee, Inc. ("Fred's"), its District Manager Butch Willis, an unknown store manager, and an unknown contractor and subcontractor. Plaintiffs purchased the Concordia Shopping Center in Vidalia, Louisiana in 2011. At the time, a portion of the Concordia Shopping Center was leased to Fred's for operation of Store 3155.

Plaintiffs contend that Fred's abandoned the premises, stopped paying rent, and "negligently, willfully, wantonly and in violation of the terms of the lease and Louisiana law, caused severe damage to the premises" while removing equipment, fixtures, and signs (Doc. 1-2). Plaintiffs claim that Willis was the District Manager in charge of training and supervising employees, and that he is liable to Plaintiffs for failure to properly train and supervise the employees of Fred's Store 3155 during the time Fred's occupied and abandoned the store.

Defendants timely filed a Notice of Removal on August 27, 2015 based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332 (Doc. 1). Defendants contend that complete diversity exists between Plaintiffs and the properly joined Defendant Fred's. The amount in controversy is not at issue.

## Law and Analysis

### I. Rule 12(b)(6) Standard

A party may move for the dismissal of a complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, a motion to dismiss "is viewed with disfavor and is rarely granted." Lowrey v. Texas A & M University System, 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982)).

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re* Katrina Canal

2

Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted).

II.  Improper Joinder and the State Law Claim

Under 28 U.S.C. § 1441(a), "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court" where the action is pending. If the action is based solely on diversity, the case "may not be removed if any of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(B)(2) (emphasis added).

Improper joinder has occured if the plaintiff is unable to "establish a cause of action against the non-diverse party in state court."[1] Smallwood v. Illinois Cent. R. Co., 385 F.3d 568, 573 (5th Cir. 2004). "[T]he test for improper joinder 'is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant.' 'In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant.'" Flagg v. Stryker Corp., No. 14-31169, 2016 WL 1169067 (5th Cir. 2016) (quoting Smallwood, 385 F.3d at 573-74).

Generally the court must analyze whether the allegations in the complaint state a claim under state law for the non-diverse defendant. If the court finds that

---

[1] Improper joinder also may be established if there is actual fraud in the pleading of jurisdictional facts. Defendants do not dispute that Willis is a Louisiana resident. Therefore, this case does not implicate this aspect of improper joinder.

3

there is a possibility of recovery for the plaintiff against the non-diverse defendant, there is no improper joinder. Id. (citations omitted). However, the court may pierce the pleadings and conduct a summary inquiry if the plaintiff's complaint has "misstated or omitted discrete facts that would determine the propriety of joinder." Id. (citations omitted).

The Court must apply Louisiana law to evaluate the sufficiency of Plaintiffs' claim against Willis. In Canter v. Koehring Co., the Louisiana Supreme Court considered "[u]nder what circumstances is [an officer, agent, or employee] individually liable to a third person damaged solely by reason of the individual's breach of the employment-imposed duty". 283 So.2d 716, 721 (La. 1973) (superseded by statute on other grounds). The court established four criteria to answer that question:

> 1. The principal or employer owes a duty of care to the third person . . ., breach of which has caused the damage for which recovery is sought. 2. This duty is delegated by the principal or employer to the defendant. 3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. . . . 4. With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

Id. Thus, under Louisiana law, in order to maintain a cause of action against Willis, Plaintiffs must show that Fred's delegated its duty to Willis and that Willis

personally breached that duty. See Carter v. Wal-Mart Stores Inc., No. 04-0072, 2005 WL 1831092, at *2 (W.D. La. 2005).

In Carter, Plaintiff's complaint alleged that the store manager failed to properly supervise and train the store's employees and failed to maintain the safe condition of a rack that fell upon the plaintiff. Id. The court found that generic allegations that the manager was responsible for training the store employees and implementing procedures for them to follow was not a personal duty owed by the manager to the plaintiffs. Id. Instead, the allegations pertained to general duties as the manager of the store. Id.

In this case, Plaintiffs' complaint contains no allegation that Willis actively caused any harm, but instead alleged that Willis failed to supervise and train employees. Specifically, Plaintiff's Petition for Damages states:

> Butch Willis was the District Manager for Fred's in charge of training and supervising the employees of Fred's Store Number 3155 during its operation and during the period wherein Fred's was abandoning the premises. Butch Willis is liable unto the Petitioners for the property damage to the premises for failing to properly train and supervise the employees of Fred's Store Number 3155 during Fred's tenancy and during the time of abandonment of the premises, leading to the severe damage and destruction to Petitioner's property.

(Doc. 1-2). As in Carter, Plaintiffs generically allege that Willis had a duty to train and supervise employees. However, neither of these general duties entails a personal duty owed to Plaintiffs. Plaintiffs seek to impose liability upon Willis for breaches of his general administrative duties to instruct and supervise. Plaintiffs do not allege Willis should be held liable for any form of personal fault separate from his "general administrative responsibility." Canter, 283 So.2d at 721. Therefore, Plaintiffs have

5

failed to state a viable claim against Willis; Willis was improperly joined, and; the action was properly removed to this Court.

## Conclusion

Based on the foregoing, IT IS RECOMMENDED that Defendants' Motion to Dismiss (Doc. 5) be GRANTED and that the claims against Willis be dismissed without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual finds or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 20 day of April, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge